FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV – 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ⟨h⟩                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA D. DE LA BARCENA, | Case No. CV 12-10785 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1/] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising two disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to articulate legally sufficient reasons for rejecting the opinion of Plaintiff's workers' compensation agreed medical examiner, David P. Pechman, M.D. (JS 4-7, 9-11; AR 338-50.) Plaintiff argues that if the ALJ had properly accepted Dr. Pechman's opinion,

---

[1/]   The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

1  Plaintiff's residual functional capacity ("RFC") would have precluded the performance

2  of her past work as a Landscape Specialist/Housekeeper.[2] (JS 5.)

3       Dr. Pechman performed an agreed medical re-examination of Plaintiff in August

4  2010. (AR 338-50.) Plaintiff reported pain in her low back, right knee, left knee, right

5  ankle, and left ankle. (AR 339-40.) Plaintiff had undergone right knee arthroscopic

6  surgery in April 2010 for a meniscal tear. (AR 341, 347.) On examination, Plaintiff had

7  palpable tenderness in the right knee, a negative impingement sign, normal ligaments,

8  a non-antalgic gait, and no gross deformity, palpable effusion, or crepitus. (AR 343.) Dr.

9  Pechman diagnosed lumbosacral discogenic disease, status post right knee arthroscopic

10 surgery, and left ankle sprain/strain, and concluded that Plaintiff was restricted from

11 "prolonged standing/walking, repetitive stairs and climbing and work on inclined

12 surfaces." (AR 347, 349.) Dr. Pechman also reported a previously assessed restriction

13 of "no heavy work," with respect to Plaintiff's lumbar spine impairment. (AR 348.)

14      The ALJ summarized Dr. Pechman's findings in the decision, and concluded that

15 Plaintiff had the RFC for light work, with limitations to occasional postural activities and

16 simple, repetitive tasks. (AR 40, 43.) The ALJ stated that his assessment was "based on

17 Dr. Pechman's opinion because Dr. Pechman is an independent reviewer who has a

18 thorough understanding of the claimant's record." (AR 43.) The ALJ noted that while

19 the RFC assessment for light work was "slightly different" than Dr. Pechman's

20 assessment, the weight lifting and postural limitations identified by Dr. Pechman were

21 considered in Plaintiff's RFC. (AR 43.)

22      Plaintiff argues that the ALJ's assessment for light work conflicts with Dr.

23 Pechman's finding that Plaintiff was precluded from prolonged standing and walking,

24 despite the ALJ's stated approval of Dr. Pechman's opinion. (JS 4-5.) Plaintiff advises

25

26 [2]    The vocational expert ("VE") testified that the Landscape Specialist/Housekeeping
   job performed by Plaintiff was a hybrid of two jobs: Landscape Specialist, Dictionary
27 of Occupational Titles ("DOT") 406.687-010, and Housekeeping Cleaner, DOT 323.687-
   014. (AR 44.) The VE explained that Plaintiff actually performed the Landscape
28 Specialist/Housekeeping job at the light exertional level. (AR 44, 77.)

Page 2

1    that prolonged standing and walking is required in most light work. (JS 5, 11); see Social

2    Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5 (explaining that light work

3    "requires a good deal of walking or standing"); see also SSR 83-12, 1983 WL 31253, at

4    *4 (explaining that if a person "must alternate periods of sitting and standing[,] . . . [she]

5    is not functionally capable of doing . . . the prolonged standing or walking contemplated

6    for most light work"); 20 C.F.R. §§ 404.1567(b) (defining "light work" as requiring "a

7    good deal of walking or standing," or "sitting most of the time with some pushing and

8    pulling of arm or leg controls"), 416.967(b) (same). In opposition, the Commissioner

9    argues that the ALJ's RFC assessment for light work was a reasonable "translation" of

10   Dr. Pechman's opinion that Plaintiff was unable to perform "heavy work." (JS 8; AR

11   348.) The Commissioner urges the Court to refrain from second guessing the ALJ's

12   factual findings. (JS 8.)

13       "The categories of work under the Social Security disability scheme are measured

14   quite differently" than under the California worker's compensation scheme. *Desrosiers*

15   *v. Secretary of Health & Human Services*, 846 F.2d 573, 576 (9th Cir. 1988) (explaining

16   that workers' compensation work categories are based on a claimant's ability to sit,

17   stand, or walk for the most of the day, whereas Social Security disability work categories

18   are differentiated primarily by a claimant's lifting capacity). Nevertheless, an ALJ must

19   give a medical opinion prepared for a workers' compensation case proper consideration

20   and articulate reasons if that opinion is rejected. *See Booth v. Barnhart*, 181 F.Supp.2d

21   1099, 1105 (C.D. Cal. Jan. 22, 2002) ("[t]he ALJ's decision . . . should explain the basis

22   for any material inference the ALJ has drawn from those opinions so that meaningful

23   judicial review will be facilitated"); *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996)

24   ( "[t]he purpose for which medical reports are obtained does not provide a legitimate

25   basis for rejecting them"). In considering a medical opinion utilizing workers'

26   compensation terminology, the ALJ "is entitled to draw inferences 'logically flowing

27   from the evidence.'" *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (quoting *Sample*

28   *v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). The ALJ's decision should also reflect

Page 3

1  that the ALJ properly considered the distinction between the workers' compensation

2  scheme and the Social Security disability scheme. *Booth*, 181 F.Supp.2d at 1106; *see,*

3  *e.g., Desrosiers*, 846 F.2d at 576 (finding ALJ's interpretation of treating physician's

4  opinion erroneous where the ALJ failed to consider distinction between categories of

5  work under Social Security disability scheme and workers' compensation scheme).

6        Here, although the ALJ stated that his assessment of Plaintiff's RFC took into

7  account the weight lifting and postural limitations identified by Dr. Pechman, the ALJ

8  erred by failing to explain why the RFC assessment did not reflect Dr. Pechman's finding

9  that Plaintiff is precluded from prolonged standing and walking. (AR 43); *see Lester*, 81

10  F.3d at 833 (if a treating or examining physician's opinion on disability is controverted,

11  it can be rejected only with specific and legitimate reasons supported by substantial

12  evidence in the record); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990) (finding

13  that an ALJ may reject an uncontroverted opinion of an examining physician only for

14  clear and convincing reasons). The ALJ did not cite any other medical opinion evidence

15  to support a finding that Plaintiff was capable of meeting the standing and walking

16  demands of light work. Nor did the ALJ address any pertinent distinctions between the

17  use of the term "prolonged standing/walking" in a workers' compensation case as

18  opposed to a Social Security disability case. *See Booth*, 181 F.Supp.2d at 1108 (finding

19  that the term "prolonged" is reasonably interpreted to mean half of the workday);

20  *Desrosiers*, 846 F.2d at 576. Though the ALJ did acknowledge that the RFC assessment

21  was "slightly different" from Dr. Pechman's assessment, the ALJ's comment was not a

22  valid basis for rejecting Dr. Pechman's medical opinion. (AR 43); *see Reddick v. Chater*,

23  157 F.3d 715, 725 (ALJ can meet the requisite specific and legitimate standard "by

24  setting out a detailed and thorough summary of the facts and conflicting clinical

25  evidence, stating his interpretation thereof, and making findings").

26        Plaintiff further contends that she should be found disabled pursuant to Rules

27  201.17 and/or 201.19 of the Medical-Vocational Guidelines, based on her age, education,

28  inability to communicate in English and illiteracy, inability to perform her past work, and

Page 4

1  limitation to sedentary, unskilled work. (JS 5-6); *see* 20 C.F.R. Pt. 404, App. 2, Tbl. 1.

2  Rule 201.17 applies to a younger individual (age 45-49), who is limited to sedentary

3  work, illiterate or unable to communicate in English, and whose previous work

4  experience is "[u]nskilled or none." 20 C.F.R ., Pt. 404, Subpt. P, App. 2, Table No. 1,

5  Rule 201.17. Rule 201.09 directs a determination of "disabled" when a claimant is

6  limited to sedentary work, is closely approaching advanced age (age 50-54), has an

7  education characterized as "limited or less," and has unskilled or no previous work

8  experience. 20 C.F.R. Pt. 220, App. 2, Rule 201.09. Rule 201.17 and Rule 201.09 do not

9  direct a finding of disability in this case. The record demonstrates that Plaintiff has

10  previous work experience that includes semi-skilled and skilled jobs, and the ALJ did

11  not make a determination that Plaintiff is illiterate or unable to communicate in English.

12  (AR 44, 76-78.) Moreover, Dr. Pechman's opinion that Plaintiff is restricted from

13  prolonged standing and walking in the context of her workers' compensation case, does

14  not necessarily establish that Plaintiff would have been limited to sedentary work, given

15  the distinction between the workers' compensation and Social Security disability

16  schemes. *See Booth*, 181 F.Supp.2d at 1107-08; *Desrosiers*, 846 F.2d at 576.

17  　　　In sum, the Court has found that the ALJ's evaluation of Dr. Pechman's opinion

18  was not supported by substantial evidence. Accordingly, Plaintiff is entitled to remand

19  for further proceedings on Issue #1.

20  **Issue #2**

21  　　　Plaintiff challenges the ALJ's finding that Plaintiff's past employment as a

22  seasonal Landscape Specialist/Housekeeper was past relevant work. (JS 11-15, 17-18.)

23  　　　Past relevant work is work that was "done within the last 15 years, lasted long

24  enough for [a claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R.

25  §§ 404.1565(a), 416.965(a). Past relevant work can be part time, *Katz v. Secretary of*

26  *HHS*, 972 F.2d 290, 292 (9th Cir. 1992), totally unpaid, *Keyes v. Sullivan*, 894 F.2d

27  1053, 1056 (9th Cir. 1990), or on a substitute basis, *Byington v. Chater*, 76 F.3d 246, 250

28  (9th Cir. 1996). It need only require significant mental and physical activities to be

Page 5

1   substantial. 20 C.F.R. §§ 404.1572(a), 416.972(a). Likewise, to be gainful it need only

2   be the kind of work "usually done for pay or profit, whether or not a profit is realized."

3   20 C.F.R. §§ 404.1572(b), 416.972(b) (same). "Earnings can be a presumptive, but not

4   conclusive, sign of whether a job is substantial gainful activity." *Lewis v. Apfel*, 236 F.3d

5   503, 515 (9th Cir. 2001); 20 C.F.R. §§ 404.1574(a)(1) ("the fact that your earnings were

6   not substantial will not necessarily show that you are not able to do substantial gainful

7   activity."), 416.974(a)(1) (same).

8           Plaintiff testified that she performed the Landscape Specialist/Housekeeper job at

9   a ski resort during the 2004-2005 ski season. (AR 58-59.) The record shows that Plaintiff

10   earned $1,500.75 in 2004 and $1,763.63 in 2005 from this job. (AR 164-65.) Plaintiff

11   asserts that her past work as a Landscape Specialist/Housekeeper did not constitute

12   substantial gainful activity because the record does not establish her monthly earnings

13   or the number of months she performed this job in either 2004 or 2005. (JS 12-15, 17.)

14   For this job to have presumptively risen to the level of substantial gainful activity,

15   Plaintiff would have needed to earn $810 or more per month in 2004, and $830 or more

16   per month in 2005. *See* 20 C.F.R. §§ 404.1574(b), 416.974(b); *see* http://www.

17   socialsecurity.gov/OACT/COLA/sga.html. If, over the 2004-2005 ski season, Plaintiff

18   worked for the ski resort for more than four months, her average monthly earnings could

19   have fallen below the presumptive average monthly amount for substantial gainful

20   activity, and the burden of proof would have shifted to the Commissioner to show that

21   Plaintiff engaged in substantial gainful activity. *See Lewis*, 236 F.3d at 515 ("The

22   presumption that arises from low earnings shifts the step-four burden of proof from the

23   claimant to the Commissioner."). Although the exact amount of Plaintiff's monthly

24   earnings is not discernable from the record, it is apparent that the Landscape

25   Specialist/Housekeeper job was substantial gainful activity, as it was the kind of work

26   "usually done for pay or profit" and Plaintiff earned significant income from this job.

27   (AR 164-65); *see* 20 C.F.R. §§ 404.1572(b), 416.972(b). Further, the job is considered

28   unskilled work, and the record indicates that Plaintiff performed the job long enough to

Page 6

1  learn how to do it. (AR 44, 59, 77); DOT 406.687-010, 323.687-014; *see* 20 C.F.R. §§

2  404.1565(a), 416.965(a). Plaintiff testified that the job duties involved cleaning

3  bathrooms and picking up trash with a little stick and a bag. (AR 59, 69, 77); *see* 20

4  C.F.R. §§ 404.1568(a) (defining unskilled work as requiring little or no judgment to do

5  simple duties that can be learned on the job in a short period of time), 416.968(a). Thus,

6  even if Plaintiff earned less than the amount that would presumptively establish

7  substantial gainful activity, the ALJ did not err in considering this seasonal job as past

8  relevant work.

9        Plaintiff further argues that the amount of her earnings from the Landscape

10 Specialist/Housekeeping job suggests that she did not perform this job long enough to

11 qualify as substantial gainful activity on a sustained basis. (JS 13.) Plaintiff relies on the

12 Ninth Circuit's decision in *Gatliff v. Comm'r*, 172 F.3d 690, 694 (9th Cir.1999). (JS 13.)

13 However, as the Commissioner correctly points out, *Gatliff* is distinguishable. (JS 15-

14 16.) In *Gatliff*, the Ninth Circuit noted that the claimant could work full-time, but was

15 incapable of sustaining employment for longer than two months due to his impairments.

16 *Gatliff*, 172 F.3d at 693. In this case, the record indicates that Plaintiff's work at the ski

17 resort ended because the job was seasonal. (AR 58-59.) Thus, Plaintiff's argument that

18 her limited term of employment indicates an inability to sustain employment is rejected.

19 *See Byington*, 76 F.3d at 250.

20       Accordingly, Plaintiff is not entitled to a reversal or remand based upon Issue #2.

21

22                                          **ORDER**

23       The decision whether to remand for further proceedings or order an immediate

24 award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d

25 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further

26 administrative proceedings, or where the record has been fully developed, it is

27 appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at

28 1179 ("the decision of whether to remand for further proceedings turns upon the likely

Page 7

1  utility of such proceedings"). But when there are outstanding issues that must be

2  resolved before a determination of disability can be made, and it is not clear from the

3  record the ALJ would be required to find the claimant disabled if all the evidence were

4  properly evaluated, remand is appropriate. *Id.*

5        The Court finds a remand is appropriate because there are unresolved issues that,

6  when properly resolved, may ultimately still lead to a not disabled finding. *See INS v.*

7  *Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative

8  determination, "the proper course, except in rare circumstances, is to remand to the

9  agency for additional investigation or explanation") (internal quotation marks and

10  citation omitted). Accordingly, the present case is remanded for further proceedings

11  consistent with this Memorandum and Order.

12        IT IS THEREFORE ORDERED that a judgment be entered reversing the

13  Commissioner's final decision and remanding the case so the ALJ may make further

14  findings consistent with this Memorandum and Order.

15

16

17  DATED: November 1, 2013

18                              ARTHUR NAKAZATO
                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28